United States v. Sellers and Mr. Nettles, whenever you're ready, we'll hear from you. Thank you, Your Honor. May it please the Court, I'm Bill Nettles, an assistant federal public defender in Florence, South Carolina, and I'm here representing James Sellers, and our argument is basically a very straightforward statutory argument. You aren't the same Mr. Nettles on the other brief, are you? Well, that happens a good bit. In that district, we have a public defender and the U.S. Attorney, both named William Nettles. That can be difficult to explain to my clients sometimes, Your Honor. There's collusion going on. That's why you add the fourth there, right? That's right, that's right, the lesser. Your Honor, eight years ago in United States v. Williams, this Court addressed this very same argument, and in Williams, the Court began by noting that the language of the South Carolina Youthful Offender Act was permissive in nature, and in response to the defendant's argument that the Youthful Offender Act capped his sentence at six years, the Court went further to explain that no, we can't look at what this defendant received, we have to look at what the hypothetical worst defendant could have received, and it cited United States v. Hart, which was the law in the circuit at that time. Subsequent to the Williams decision, the Supreme Court decided Carachuri-Rosendo, and based on Carachuri-Rosendo, this Court decided United States v. Simmons, which in essence holds that a court has to look, a sentencing court to determine statutory maximum has to begin by looking at the conviction itself, and you look at what the maximum statutory sentence that defendant could have received. It's personalized to that defendant, and in Simmons, the jury, in the Simmons, under the Simmons scheme, which is a North Carolina scheme, the jury would have to find the aggravating factor, and the jury didn't find the aggravating factor, so the judge could not have sentenced that person to the maximum that qualified the offense. Yes, that's correct. But in this case, the jury doesn't have to find it. The judge has the full discretion to give the maximum, the qualifying offense. Isn't that the difference? Well, Your Honor, I would agree that there are differences between the YLA and the North Carolina. Well, it's the freedom of the judge to sentence in a particular case. The Supreme Court's instruction in Simmons focuses on the fact, can you sentence this person, not a hypothetical person? That's correct. And because the jury had not found the aggravating factor in Simmons, the judge just couldn't have gone beyond, get to the qualifying level was a one-year, I think, in that case. But in this case, there was not such a barrier. This particular defendant could be sentenced under the Youthful Offender Act to the 10 years. Well, let me begin by, it's my understanding under Simmons that, which was a discussion of the North Carolina Structured Sentencing Act, is that the court stated that you had to look at three things. One of those was the class of offense, the defendant's record level, and reference to any findings regarding the aggravating factors. And the judge in North Carolina is quite limited in going to the aggravating factors. It comes down to exactly what Judge Niemeyer asked, doesn't it? In North Carolina, in the Simmons case, he could not possibly, under the facts of his case, have gotten more than eight months, correct? That's correct. That's the facts of the case. He couldn't have gotten more than eight months. That distinguishes this case. He could have gotten 15, 10, 15 years, whatever the number is, right? Could have gotten it. Your Honor, if you'll let me respond to that. I want you to ask, is that a yes or no? Could he have gotten that 10 or 15 years? Yes, with this caveat, Your Honor. In South Carolina, under the Youthful Offender Act, a court is limited to an indeterminate sentence of six years as the statutory maximum, unless the court makes a finding of fact. That's the discretion of the judge, isn't it? It is at the discretion of the judge, Your Honor. But that is a statutory mandate. Well, it can be an implicit finding, can it not, under the South Carolina law? Right. The court doesn't have to say anything. The court can just sentence to... So the court can sentence him six years or 15? That's exactly right. Well, if the court says an indeterminate sentence up to six years, he's sentencing under Subsection 3. That's correct. But he doesn't have to do the third section. He can just simply announce, I'm going to sentence him to 15 years. He could, Your Honor. And as a practical matter, what an attorney would do representing a defendant in South Carolina State Court is, as I imagine at that point, there would be some back and forth about why the court should probably reconsider and consider sentencing him under Subsection 3. But my point here is, before you today, is that, you know, in Karachuri-Rosendo, the court said you had to look at the factual record of that defendant's conviction and that the factual finding regarding recidivism set the maximum sentence. Except the conviction here allows the judge to sentence to 15 years. The conviction in Simmons did not allow the judge to sentence to one year. That's correct, Your Honor. But my point would be that under Karachuri-Rosendo, that there has to be a factual finding in the conviction itself that would subject, that would set the maximum sentence. Since there's no factual finding in Mr. Sellers' conviction itself, and he was sentenced to six years. There's no requirement to have a factual finding in the conviction. The conviction was for the crime, I can't remember what the crime here was, but the crime was a crime that, if he convicted it, would subject him to 15 years. There's no question that the maximum... Your argument, I gather, is because the judge has to make that finding, and there's no evidence that he made that finding, that it's a maximum of six. That's correct. But the South Carolina court says he doesn't have to make that explicit finding. It's implicit, he has full discretion to go under either three or four. But it is a finding, Your Honor, and that's the point. For instance, subsection four, which allows the district... The full sentence. The full sentence. It says if the court shall find as a fact. If subsection four said, or sentenced the defendant to any other term of imprisonment, we wouldn't be here. But because there's that factual finding... Do you think there's a difference in this case where the judge has the discretion to find the fact and doesn't even have to announce it? And a case like the Supreme Court's case where they talked about a hypothetical defendant, or Simmons, where they talked about a hypothetical defendant who had an aggravating factor. But in that case, the defendant did not have the aggravating factor, which was necessarily found by the jury following notice. Do you think there's a distinction between those for purposes of this argument? I'm not really sure I understand the question, Your Honor. Well, I understand your argument. Your argument, you're resting on the fact that the judge has a gate to go through before he gets to the 15 years. And the question is, the gate that the Supreme Court talked about and the gate that Simmons talked about was a gate that couldn't be gone through because the defendant's conviction didn't allow it. Here, the defendant's conviction allowed it, but it still required the judge, your argument, it still required the judge to go through a separate gate to get to the 15 years. And you're saying, I don't know what you're saying. I suspect because if he doesn't say anything, it's still a legal sentence. That's correct. It looks to me, under South Carolina law, the judge basically is just given authority to give a maximum of six years if he wants, or he can go to 15 years without saying anything. It's just sort of fully discretionary. I agree that, you know, the way the South Carolina courts have interpreted the way the finding of fact has to be made, I mean, essentially, sentencing above six years constitutes an implicit finding of fact. You know, I am splitting hairs, I agree. But it's important because this is a statutory framework that every defendant who qualifies as a youthful offender must be sentenced under. Well, I get it. Your argument is because there is a structural gate he has to go through, that finding of fact, that defendant doesn't qualify for 15-year potential. That's correct. And that's a pretty difficult argument because the defendants in this case did qualify by reason of their conviction for 15 years. And it was just a matter of discretion by the sentencing judge whether he chose it, just as it would be without the Youthful Offender Act. If it was zero to 15 years, the judge could have sentenced six years. What the Act does, and the way it's interpreted, sort of highlights to the judges, the legislatures, wish that if a person is youthful, the judge should really explicitly, not verbally, but explicitly consider the possibility. Because he's youthful, he should consider a maximum sentence of six years. But you don't need to. I understand your argument, and you're trying to analogize that gate for the sentencing judge to the gate in Simmons. That's correct. And the question is whether that worked. I understand. I understand. I'd just like to make one housekeeping matter, clean it up. On page five of volume two of the Joint Appendix, it's stated in a previous conviction that Mr. Sellers has, that he was sentenced under the Youthful Offender Act. That is incorrect. In his pre-sentence report, he was not sentenced under the Youthful Offender Act. And I can submit a Joint Appendix. Ms. Ewing and I have talked about this. I can submit his judgment of conviction in that case if the court wants it. I apologize. That might be good just to clean it up. Yes. Because we think it's probably, I don't know if it's essential or not. It would depend. But if it's no trouble for the two of you just to submit that extra page, that'd be great. We will, Your Honor. And thank you very much. Thank you. All right. Ms. Ewing. Good morning, Your Honors. May it please the court. My name is Jimmy Ewing and I represent the government. Mr. Sellers' prior drug convictions qualified under 924 E2AII as serious drug offenses. They were for possession with intent to distribute crack cocaine and the prescribed maximum penalty. Let me ask you a hypothetical. If the statute says you have to make a finding under the Youthful Offender Act to get beyond the six years, if the South Carolina Supreme Court had held or would hold that that finding must be made on the record and the judge didn't make that finding, would you be in the same situation? Yes, Your Honor. I think so. Your argument would be that that relates to sentencing and not the conviction? Yes, Your Honor. The judge still or had the discretion to make that finding. The Youthful Offender Act is a general sentencing statute. It didn't change the crime of conviction and the statute saying that the judge could sentence Mr. Sellers to 15 years. It's totally different, or not totally different, but different in significant ways. I don't mean to cut you off, but under Judge Niemeyer's hypothetical, though, you couldn't sentence him to up to 15 years, could you? Unless you made the finding. The judge could not. In this situation, I think the statute says a judge can limit himself, that he has that discretion or she has that discretion. But the hypothetical is the judge has to make a finding on the record. That's the point. That's the point of the question. If the law required the finding on the record, would your argument change at all? That's the question to you. Your Honor, I think it makes it a little more difficult, but I would still come down. I think that's Mr. Nettles' argument, basically, that it doesn't matter whether it's on the record or implicit. And your answer to my question originally was, it still doesn't make any difference if it has to be on the record, because it's in the judge's hands, as opposed to the nature of the conviction. Yes, Your Honor. The Youthful Offender Act provides an option for the judge. It's a little dicey to write that type of thing if the statute required an explicit finding. The statute may not be the best written in the world. Well, the statute seems to say you have to make the finding. But the Supreme Court of South Carolina has construed that to say, he doesn't need to verbalize it. He doesn't need to write it down. He can just impose the sentence under 4. And that seems to reduce the statute to basically just an advice to the judges. Pay attention when you have a youthful offender. It may be advisable to consider a lower sentence. But that's the way it's been interpreted. I mean, the statute doesn't have the full force and effect of its words now, because of the way it's been interpreted. Yes, Your Honor. I believe that was State v. Powell. And I think in the unpublished case of United States v. Mobley, the court noted that... It's not any surprise to you, is it, that in South Carolina, the words in the statute don't mean anything to the state Supreme Court? That's not shocking to you, is it? Well, Your Honor, I have not practiced in state court, but... Well, then you don't have to answer that. You probably wouldn't want to had you answered. But I've reviewed cases, and I can tell you, it isn't shocking. It just isn't shocking. They have the last word. And sometimes, they just decide what it means for some other purpose they think is important, policy or whatever. I once had a case in front of me as a district court judge in which the statute in South Carolina said a lawyer had 90 days to file something. And that was inconsistent with another statute. And the Supreme Court of South Carolina said, that 90 days actually means 60 days. And you are guilty of malpractice for doing that. That came as a shock to a lot of lawyers, but that stands because that's what the Supreme Court said. Your argument is, you don't focus on the fact-finding, whether or not there has to be one. You focus on the fact that the judge gets to do whatever has to be done. So it's all discretion in the judge, and the judge can do what he wants. You focus on the discretion and not on any implicit or explicit factual finding. Is that right? Yes, Your Honor, that's correct. In fact, had Mr. Sellers appealed his state conviction, he really would have, he had no recourse really, had he appealed under the state law in South Carolina, under the holding of Powell and I believe Creel, he would have lost once the judge made the determination. But the law is what is important in this case, and not really the facts, I guess. That's correct. That about cover it? I believe it does, Your Honor. You hope so, don't you? Yes, Your Honor, I certainly do. All right, Mr. Nettles, do you have anything? Your Honor, unless the court has any questions, I don't have any further argument to move on. It's an interesting argument and has some novelty about it, doesn't it? I guess so, Your Honor. He just committed you for your creative thinking. Yes, thank you, sir. Thank you. We'll come back in Greek Council and proceed on to the last case.
judges: Paul V. Niemeyer, Dennis W. Shedd, Barbara Milano Keenan